MURDOCK, Justice
(dissenting).
As the main opinion notes, in Cooner v. Alabama State Bar, 145 So.3d 1 (Ala.2013) (“Cooner II”), this Court remanded this case a second time because the order of the Disciplinary Board of the Alabama State Bar (“the Board”) on remand following this Court’s reversal and directions on remand in Cooner v. Alabama State Bar, 59 So.3d 29 (Ala.2010) (“Cooner I”), still “did not include specific findings of fact as to each allegation of misconduct.” 145 So.3d at 8. Although not recited in the main opinion issued today, our opinion in Cooner II also noted that a second remand was necessary at that time because the Board had not “vacated its February 17, *10 2010, order as we instructed in Cooner 145 So.3d at 3.
I agree with the main opinion that the Board has now vacated its February 17, 2010, order of disbarment and therefore has complied with that aspect of our mandate in Cooner II. I disagree with the main opinion, however, as to its decision that this case needs to be remanded for a third time for the Board to enter specific findings of fact.
There have been two problems all along with the purported findings of fact in this case. First, as explained in both Cooner I and Cooner II, there have not been actual findings of fact by the Board as opposed to general recitations of evidence heard by the Board. The main opinion in the present case states that “this Court has previously held that that general recitation of facts alone was not sufficient to comply with Rule 4.2, Ala. R. Disc. P.” 145 So.3d at 9 (emphasis added). This statement, however, actually recasts our previous holdings in a way that, I think, is responsible for an incorrect conclusion that we must remand this case once again. In point of fact, what we said in our previous opinions in this case is that a general recitation of “evidence” is not sufficient to constitute the requisite findings of “facts.” As we said in Cooner I:
“ ‘The Bar acknowledges that [in] Section II of the order ... the paragraphs are not preceded by the statement, “The Disciplinary Board finds as follows.” ’
“We have reviewed the Board’s order and conclude that the order does not satisfy the requirements of Rule 4.2, Ala. R. Disc. P. A recitation of the evidence does not constitute a finding of fact as to each allegation of misconduct....”
Cooner I, 59 So.3d at 38-39 (emphasis added). And as we said in Cooner II:
“[T]he ‘findings of fact’ included in the order on remand are nothing more than a general recitation of the evidence presented at the hearing.”
Cooner II, 145 So.3d at 3 (emphasis added).
The latest order issued by the Board, especially when read in its entirety, while not a model for future orders, suffices. To begin with, the recitation of facts begins with the statement that “[t]he Panel made the following Findings of Fact.” (Emphasis added.) In addition, gone from the discussion that follows are many of the references to what a witness stated in his or her testimony and in place of such references are definitive statements of fact apparently accepted by the Board as such. To take one example, in describing the evidence received from Leslie Barineau, a guardian ad litem for one of Douglas Cooner’s clients, the Board’s original order could be read as simply reciting Barineau’s testimony: “Ms. Barineau explained she had a difficult time obtaining an accounting or information from Mr. Cooner” and “[s]he identified the previously discussed accounting but stated it was not complete.” (Emphasis added.) This same information is now framed as definitive facts: “Ms. Barineau had a difficult time obtaining an accounting” and “[t]he accounting referenced ... above was not complete.”
The Board thus has done enough in my opinion to convert what previously were mere “general recitations” of testimony and other evidence into serviceable, if not ideal, factual findings.
The second problem all along has been the failure of the Board to align different factual findings with different conclusions of misconduct. The technique that the Board has finally employed is that of num *11 bering paragraphs and then listing the corresponding numbers as part of the conclusion as to each charge. At the conclusion of this discussion, the order states: “The Panel finds that based upon the Findings of Fact assigned and related to each Charge as set forth above, ... there is clear and convincing evidence that Mr. Cooner is guilty of violating each of those Charges of misconduct.” Again, this approach is not recommended; it makes the order more difficult for this Court to review and assess. That said, I cannot go further and say that it warrants a third remand.
Based on the foregoing, I dissent from the reversal of the Board’s current order. I would proceed to a consideration of the merits of the Board’s findings and conclusions in that order.